IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TURNER CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00368-WDQ |
| | ) | |
| BFPE INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

**PLAINTIFF/COUNTER-DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY**

Plaintiff/Counter Defendant Turner Construction Company ("Turner"), by counsel, respectfully submits this Motion for Partial Summary Judgment as to liability only. There are no material facts in dispute and Plaintiff is entitled to a legal ruling that Defendant/Counter-Plaintiff BFPE International, Inc. is liable to Turner as a matter of law. The grounds for this motion are set forth in more detail in the attached Memorandum in Support and exhibits, which are incorporated herein and made a part hereof.

Dated:  July 20, 2015                                   Respectfully submitted,


/s/ Eric A. Frechtel
Eric A. Frechtel (Bar No. 24945)
Kevin B. Mattingly (Bar No. 29610)
Bradley Arant Boult Cummings LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
Telephone: 202-393-7150
Fax: 202-347-1684
Email: efrechtel@babc.com
           kmattingly@babc.com
*Counsel for Plaintiff/Counter-Defendant Turner
Construction Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2015, this filing was made with the Court's electronic court filing system, which should transmit a copy to the following counsel of record:

>George Dean Bogris
>Sandra Tofte Carson
>Whitney and Bogris LLP
>401 Washington Avenue, 12th Floor
>Towson, MD 21204
>*Counsel for Defendant/Counter-Plaintiff BFPE International, Inc.*

>/s/ Eric A. Frechtel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TURNER CONSTRUCTION COMPANY, )<br>)<br>    Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>BFPE INTERNATIONAL, INC., )<br>)<br>    Defendant/Counter-Plaintiff. )<br>) | Case No. 1:15-cv-00368-WDQ |

## MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff/Counter Defendant Turner Construction Company ("Turner"), by counsel, respectfully submits this memorandum in support of its motion for partial summary judgment, and states as follows:

## INTRODUCTION

This case involves Turner's contention that Defendant/Counter-Plaintiff BFPE International, Inc. ("BFPE") is responsible for the costs of repairing certain property damage, as well as attorneys' fees and related costs arising therefrom.

The incident at issue occurred during a construction project (the "Project") for the University of Maryland Medical Center ("UMMC") on the UMMC campus in downtown Baltimore. The Project involved the renovation of the Anesthesia Faculty Offices on the 11th floor of the South Hospital building. Turner was the general contractor, and BFPE was Turner's fire sprinkler subcontractor. Under the terms of the Subcontract Agreement between Turner and BFPE (the "Subcontract"), BFPE was obligated, among other things, to coordinate necessary fire

5/43818.1

sprinkler "outages," i.e., turning off sections of the fire sprinkler piping to accommodate the demolition or reconfiguring of piping and other renovations.

In early 2014, a sprinkler outage was scheduled for January 21, 2014 to accommodate BFPE's demolition and removal that day of some old sprinkler hose cabinets in C Wing. However, BFPE failed to coordinate the outage adequately, and as a result, the sprinkler system was not turned off in the correct location. When BFPE commenced the demolition work, BFPE's workman unwittingly loosened a sprinkler pipe fitting on highly pressurized pipe. The fitting immediately exploded and water burst from the pipe. Portions of the building were flooded, including the elevator shafts, causing significant damage. BFPE's liability is established by the following undisputed fact: The property damage arose out of the execution of and/or preparation for BFPE's work.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE[1]

1. On or about April 15, 2013, Turner entered into a contract with UMMC for construction services to be performed at the UMMC Anesthesia Faculty Offices in Baltimore. The Project involved renovating the offices on the 11th floor of the South Hospital, which is comprised of four wings, known as A, B, C, and D. (Stortstrom Decl. at ¶ 3).

2. On or about August 27, 2013, Turner and BFPE entered into a subcontract whereby BFPE agreed to "perform and furnish all the work, labor, services, materials, plant, equipment, tools, scaffolds, appliances and other things necessary for Fire Protection and any other work listed under the Additional Provisions" (the "Work"). Generally, BFPE was required

---

[1] The facts set forth in this memorandum are supported by the Declaration of R. Gregory Stortstrom ("Stortstrom Declaration" or "Stortstrom Decl."), which is attached hereto as **Exhibit A** and incorporated herein. Attached to the Stortstrom Declaration are documents that are identified herein as Exhibit 1 ("Exh. 1"), Exhibit 2 ("Exh. 2"), and so forth.

to perform all of the work associated with the fire protection system, including demolishing and reconfiguring sprinkler piping and coordinating sprinkler "outages" to accommodate the renovations and to permit the work to be performed safely and efficiently. (Stortstrom Decl. at ¶ 4, Exh. 1).

3. The Subcontract states in part that BFPE is responsible for any damage to property "caused by, resulting from, arising out of or occurring in connection with the execution of the Work, or in preparation for the Work," and that BFPE is required to indemnify Turner and others "from and against … any and all loss, cost, expense, liability, [or] damage …, including legal fees and disbursements …." Article XXIII of the Subcontract states in part as follows:

> <u>The Subcontractor hereby assumes the entire responsibility and liability for any and all actual or potential damage … to all property … caused by, resulting from, arising out of or occurring in connection with the execution of the Work, or in preparation for the Work</u>, or any extension, modification, or amendment to the Work by change order or otherwise. Should any claims for such actual or potential damage or injury (including death resulting therefrom) be made or asserted, whether or not such claims are based upon an Indemnified Party's alleged active or passive negligence or participation in the wrong or upon any alleged breach of any statutory duty or obligation on the part of an Indemnified Party, <u>the Subcontractor agrees to indemnify and save harmless the Indemnified Party from and against any and all such claims and further from and against any and all loss, cost, expense, liability, damage, penalties, fines or injury, including fees and disbursements</u>, that the Indemnified Party may directly or indirectly sustain, suffer or incur as a result thereof …

(Stortstrom Decl. at ¶ 5, Exh. 1 at TCC_01394; emphasis added).

4. On the morning of January 21, 2014, after meeting with UMMC personnel, BFPE commenced work involving the demolition of certain sprinkler lines and cabinets. When BFPE loosened a fitting on a sprinkler pipe, the fitting broke loose and water burst from the pipe. As a result, water flooded the 11th floor C Wing construction area, into the rotunda, and into the elevator shafts and the 10th floor C Wing below. (Stortstrom Decl. at ¶ 6, Exh. 2).

## ARGUMENT

### A. The Standard.

A party is entitled to summary judgment on a claim or a part of a claim "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[T]he purpose of '[s]ummary judgment is to avoid a useless trial. It is a device to make possible the prompt disposition of controversies ... if in essence there is no real dispute as to the salient facts.'" *Blakely v. Wards*, 738 F.3d 607, 611 (4th Cir. 2013) (quoting *Bland v. Norfolk & S. R.R. Co.*, 406 F.2d 863, 866 (4th Cir.1969)). Summary judgment "is favored as a mechanism to secure the 'just, speedy and inexpensive determination' of a case, *see* Fed.R.Civ.P. 1, when its proper use can avoid the cost of trial." *Thompson Everett, Inc. v. National Cable Advertising, L.P.*, 57 F.3d 1317, 1322-23 (4th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986)).

### B. BFPE is liable for the property damage under the Subcontract.

A federal court sitting in diversity applies the law of the state in which the court is located, including the forum state's choice of law rules. *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007); *Riesett v. W.B. Doner & Co.*, 293 F.3d 164, 173 (4th Cir. 2002). Maryland follows the "lex loci contractus" principle under which "the law of the jurisdiction where the contract was made controls its validity and construction." *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 607 (4th Cir. 2013) (quoting *Kramer v. Bally's Park Place, Inc.*, 535 A.2d 466, 467 (1988)). Additionally, "matters arising in connection with performance of the contract are governed by the place of performance, the place where the contract by its terms is to be performed." *Keco Industries, Inc. v. ACF Industries, Inc.*, 316 F.2d 513, 514 (4th Cir. 1963)

(citing *Scudder v. Union Nat. Bank*, 91 U.S. 406, 23 L.Ed. 245 (1875)). Here, Maryland is the state where the contract was both made and performed.

Under Maryland law, courts enforce the "objective law of contract interpretation," which means "the court will give force and effect to the words of the contract without regard to what the parties to the contract thought it meant or what they intended it to mean." *Hashmi v. Bennett*, 416 Md. 707, 723, 7 A.3d 1059, 1068 (2010) (quoting *Langston v. Langston*, 366 Md. 490, 507, 784 A.2d 1086, 1095 (2001)). The court's "task when interpreting a contract is to '[d]etermine from the language of the agreement itself what a reasonable person in the position of the parties would have meant at the time it was effectuated.'" *Id.*, (quoting *Calomiris v. Woods*, 353 Md. 425, 436, 727 A.2d 358, 363 (1999)). Moreover, "[i]n construing a contract, [the courts] look first to the particular language of the contract, and '... give effect to its plain meaning ....'" *Robinette v. Hunsecker*, 212 Md. App. 76, 125, 66 A.3d 1093, 1122 (2013) (quoting *Eller v. Bolton*, 168 Md. App. 96, 116, 895 A.2d 382 (2006) (quoting *Rourke v. Amchem Prods., Inc.*, 384 Md. 329, 354, 863 A.2d 926 (2004))).

Here, the Turner-BFPE Subcontract states in relevant part as follows:

> <u>The Subcontractor hereby assumes the entire responsibility and liability for any and all actual or potential damage ... to all property ... caused by, resulting from, arising out of or occurring in connection with the execution of the Work, or in preparation for the Work</u>, or any extension, modification, or amendment to the Work by change order or otherwise. Should any claims for such actual or potential damage or injury (including death resulting therefrom) be made or asserted, whether or not such claims are based upon an Indemnified Party's alleged active or passive negligence or participation in the wrong or upon any alleged breach of any statutory duty or obligation on the part of an Indemnified Party, <u>the Subcontractor agrees to indemnify and save harmless the Indemnified Party from and against any and all such claims and further from and against any and all loss, cost, expense, liability, damage, penalties, fines or injury, including fees and disbursements</u>, that the Indemnified Party may directly or indirectly sustain, suffer or incur as a result thereof ...

(Exh. 1 at TCC_01394; emphasis added).

The incident at issue in this case occurred when BFPE began to detach a sprinkler pipe while performing its demolition work. Accordingly, the property damage was "caused by, result[ed] from, ar[ose] out of or occurr[ed] in connection with the execution of the Work, or in preparation for the Work[,]" and BFPE is obligated to indemnify Turner and UMMC under Article XXIII of the Subcontract.[2] BFPE cannot escape liability by arguing that the damage arose from a failure to coordinate the sprinkler outage, as opposed to BFPE's demolition work. Under Article XXIII, BFPE is not only liable for damage arising out of the "execution of" the work, but also for damage arising out of "preparation for" the work. Likewise, BFPE is not relieved of liability even if Turner and/or UMMC contributed to the incident. Under Article XXIII of the Subcontract, BFPE is obligated to indemnify Turner and UMMC from property damage claims, costs, and losses "whether or not such claims are based upon an Indemnified Party's active or passive negligence or participation in the wrong ...."

## CONCLUSION

For the foregoing reasons, Turner is entitled to a ruling as a matter of law that BFPE is liable for the property damage under the terms of the Subcontract. The Court should order the parties to attempt to stipulate to the amount of recoverable damages. Absent an agreement to stipulate to the amount, the Court should set a trial date on damages.

---

[2] "Indemnified Party" is defined in Article XXIII to include Turner and UMMC, among others.

Dated: July 20, 2015                    Respectfully submitted,

/s/ Eric A. Frechtel
Eric A. Frechtel (Bar No. 24945)
Kevin B. Mattingly (Bar No. 29610)
Bradley Arant Boult Cummings LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
Telephone: 202-393-7150
Fax: 202-347-1684
Email: efrechtel@babc.com
         kmattingly@babc.com
*Counsel for Plaintiff/Counter-Defendant Turner Construction Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2015, this filing was made with the Court's electronic court filing system, which should transmit a copy to the following counsel of record:

George Dean Bogris
Sandra Tofte Carson
Whitney and Bogris LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
*Counsel for Defendant BFPE International, Inc.*

/s/ Eric A. Frechtel