IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TURNER CONSTRUCTION COMPANY,                )
                                             )
    Plaintiff/Counter-Defendant,             )
                                             )
v.                                           )   Case No. 1:15-cv-00368-WDQ
                                             )
BFPE INTERNATIONAL, INC.,                    )
                                             )
    Defendant/Counter-Plaintiff.             )
                                             )

**TURNER'S MOTION AND MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE INADMISSIBLE MATTER
IN EXHIBITS TO BFPE'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff/Counter-Defendant Turner Construction Company ("Turner"), by counsel, and pursuant to Rules 12(f) and 56(e) of the Federal Rules of Civil Procedure, respectfully moves the Court to strike all or portions of certain exhibits to Defendant/Counter-Plaintiff BFPE International, Inc.'s ("BFPE") Cross-Motions for Summary Judgment on Plaintiff's Claim and on BFPE's Counterclaim (the "Motions").

Specifically, Turner moves to strike (i) all references to alleged "insurance recovery" in Exhibit F (Dkt. No. 22-8) at pages 2, 4, 6, 8, 10 and 12 because such references are inadmissible hearsay and lack foundation, (ii) the Declaration of Sandra T. Carson, Esquire (Exhibit I; Dkt. No. 22-11) at paragraphs 3 and 5 because they are overly broad and self-serving, and paragraphs 7(l) and 7(m) because they attempt to authenticate third-party documents without foundation and/or personal knowledge, (iii) Exhibit P (Dkt. No. 22-18) because it is not authenticated in accordance with Rule 56(e) of the Federal Rules of Civil Procedure and is incomplete on its face, and (iv) Exhibit Q (Dkt. No. 22-19) because it is not authenticated in accordance with Rule 56(e) of the Federal Rules of Civil Procedure and because it is incomplete on its face.

## ARGUMENT

### A. Exhibit F contains Hearsay that Should be Stricken

Exhibit F (Dkt. No. 22-8) to BFPE's Motions are Change Orders issued to Turner subcontractors. On pages 2, 4, 6, 8, 10 and 12 of Exhibit F, there are references to payments received by the subcontractor described as "insurance recovery." Such descriptions are hearsay and are, in fact, cited by BFPE at page 9 of its brief in support of the Motions for the truth of the statement, i.e. that payments received were "insurance recovery."

"[I]n ruling upon summary judgment motions, courts refuse to consider hearsay, unauthenticated documents, inadmissible expert testimony, documents without a proper foundation, parol evidence, and even evidence barred by the dead man's rule." *Williams Island Synagogue, Inc. v. City of Aventura*, 329 F. Supp. 2d 1319, 1323 (S.D. Fla. 2004), *quoting Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1125, 1139 (E.D. Pa. 1980); *Solis v. Prince George's County*, 153 F. Supp.2d 793, 798 (D.Md. 2001) (on a motion for summary judgment, "a district court may only consider evidence that would be admissible at trial.") (citation omitted).

Accordingly, the references in Exhibit F to "insurance recovery" should be stricken from the record, and the Court should exclude those references in its consideration of BFPE's Motions.

### B. The Carson Affidavit Contains Statements That Lack Personal Knowledge, are Inadmissible and Should be Stricken

On a motion for summary judgment, Rule 56(e) provides that supporting and opposing affidavits:

. . . shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

As set forth in Section A above, this Court should refuse to consider hearsay, unauthenticated documents, inadmissible expert testimony, documents without a proper foundation, parol evidence, and other evidence that is not admissible at trial.

The personal knowledge standard set forth in Rule 56(e) requires that an affiant make more than a bald assertion that he has "personal knowledge" and is "competent to testify." *Goode v. STS Loan & Management, Inc.*, 2005 WL 106492, \*2 (D.Md. Jan. 14, 2005). It requires that the affiant "*show affirmatively* that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e) (emphasis added). "The absence of an affirmative showing of personal knowledge of specific facts vitiates the sufficiency of the affidavits and, accordingly, summary disposition thereon [is] improper." *Antonio v. Barnes*, 464 F.2d 584, 585 (4th Cir. 1972)(citations omitted).

In paragraphs 3 and 5 of the Declaration of Sandra T. Carson, Esquire ("Carson Affidavit"), Exhibit I to BFPE's Motion for Summary Judgment (Dkt. No. 22-11), BFPE attempts to bootstrap its arguments in its motion based on conclusory statements of its counsel's affidavit. Specifically, its counsel concludes that Turner does not produce documents that "reflect or refer" to "claims" or payments. Such statements are overly broad, vague and self-serving argument, and they should be stricken.

Additionally, in paragraph 7 of the Carson Affidavit, BFPE attempts, through its counsel of record, to authenticate the exhibits to the Motion for Summary Judgment. In paragraph 7(l), Ms. Carson attempts to authenticate for BFPE a purported UMMC procedures manual (that is Exhibit P to the summary judgment motion) by stating it "was produced by UMMC in response

to a subpoena." In paragraph 7(m), Ms. Carson attempts to authenticate a purported expert disclosure statement that is attached as Exhibit Q to the summary judgment motion. Nowhere does Ms. Carson aver that she has the proper foundation of personal knowledge required to make the statements set forth in paragraph 7(l) or 7(m). Moreover, a cursory examination of Exhibits P and Q reveals that each is incomplete on their face.

Accordingly, these statements should be stricken from the record and excluded from the Court's consideration of BFPE's Motions.

### C. Unauthenticated Exhibits Cannot be Considered on a Motion for Summary Judgment

"It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *See Orsi v. Kirkwood,* 999 F.2d 86, 92 (4th Cir.1993) (citing *Hal Roach Studios, Inc. v. Richard Feiner and Co.,* 896 F.2d 1542, 1550-51 (9th Cir.1990)). "To be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" *Id.* (quoting 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2722, at 58-60 (1983 & 1993 Supp.)); *see also Mayfield v. Pizza Hut of New Bern, Inc.,* 2005 WL 5601533, *3 (E.D.N.C. 2005) (refusing to consider unauthenticated documents in deciding of motion for summary judgment). "A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment." *Hal Roach Studios,* 896 F.2d at 1551 (citation omitted).

Exhibit P (Dkt. No. 22-18) is a facially incomplete copy of a purported procedures manual implemented or used by UMMC. This document is unsigned and, crucially, not authenticated by affidavit or otherwise by its purported author, UMMC. Therefore, this exhibit should be stricken from the record and excluded from the Court's consideration of BFPE's Motions.

Similarly, Exhibit Q (Dkt. No. 22-19) is purportedly a disclosure statement of an expert engaged by BFPE. The Exhibit, like Exhibit P, is incomplete on its face because the statement recites at paragraph 2.5 that the statement contains an attachment, but such attachment is not part of the exhibit. Additionally, the purported statement is not admissible because it is not sworn or signed under oath in accordance with Rule 56(e) or Local Rule 601(3).

Accordingly, Exhibits P and Q should be stricken from the record and excluded from the Court's consideration of BFPE's Motions.

## CONCLUSION

For the foregoing reasons, and for any additional reasons stated in oral argument, Turner requests that the Court enter an Order granting this Motion to Strike, striking from the record herein (i) all references to alleged "insurance recovery" in Exhibit F (Dkt. No. 22-8) at pages 2, 4, 6, 8, 10 and 12, (ii) paragraphs 3, 5, 7(l) and 7(m) of the Declaration of Sandra T. Carson, Esquire (Exhibit I; Dkt. No. 22-11), (iii) Exhibit P (Dkt. No. 22-18), and (iv) Exhibit Q (Dkt. No. 22-19), and for such other additional relief as is just and appropriate.

Respectfully submitted,

/s/ Eric A. Frechtel
Eric A. Frechtel (Bar No. 24945)
Kevin B. Mattingly (Bar No. 29610)
Bradley Arant Boult Cummings LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
Telephone: 202-393-7150
Fax: 202-347-1684
Email: efrechtel@babc.com
          kmattingly@babc.com
*Counsel for Plaintiff/Counter-Defendant Turner Construction Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2015, this filing was made with the Court's electronic court filing system, which should transmit a copy to the following counsel of record:

George Dean Bogris
Sandra Tofte Carson
Whitney and Bogris LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
*Counsel for Defendant/Counter-Plaintiff BFPE International, Inc.*

/s/ Eric A. Frechtel
Eric A. Frechtel (Bar No. 24945)
Kevin B. Mattingly (Bar No. 29610)
Bradley Arant Boult Cummings LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
Telephone: 202-393-7150
Fax: 202-347-1684
Email: efrechtel@babc.com
          kmattingly@babc.com
*Counsel for Plaintiff/Counter-Defendant Turner Construction Company*